Filed 7/14/26  P. v. Lugo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>GEORGINA LUGO,<br><br>     Defendant and Appellant. | F090029<br><br>(Super. Ct. No. DF018549A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  David E. Wolf, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

In 2025, appellant and defendant Georgina Lugo (appellant) was sentenced to two years in prison after pleading no contest to multiple offenses based on conspiring to furnish narcotics to a state prison inmate. She filed a motion to withdraw her plea and claimed she did not understand that she was going to be sentenced to the California Department of Corrections and Rehabilitation (CDCR), she did not understand the immigration consequences of her pleas, and other reasons. The motion was denied.

On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant did not file a supplemental brief on her own behalf. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the People, on March 2 and April 26, 2024, a codefendant took narcotics into Kern Valley State Prison (KVSP). On each occasion, the codefendant picked up the narcotics from appellant, who had obtained and packaged them.

**Case No. DF018547[1]**

In Kern County Superior Court case No. DF018547, appellant and two codefendants were charged with multiple offenses including conspiracy to bring narcotics into KVSP.

**Case No. DF018549**

On September 19, 2024, the complaint was filed in case No. DF018549, charging appellant Lugo and codefendants Yolanda Cano and Julio Ceasar Heredia with the

---

[1]     Appellant's notice of appeal is only from case No. DF018549. We briefly address case No. DF018547 to place the subsequent plea and sentencing hearings in context. Since appellant waived the preliminary hearing, the limited facts are from the People's opposition to appellant's motion to withdraw her plea.

following offenses: count 1, conspiracy to commit a violation of Penal Code[2] section 4573, bringing a controlled substance into a state prison, on or about and between April 5 and 26, 2024 (§ 182, subd. (a)(1)), and alleged overt acts that appellant and the codefendants took steps to introduce controlled substances into KVSP; count 2, conspiracy to commit a violation of section 4573.9, a noncustodial person bringing, selling, or furnishing a controlled substance to an inmate, on the same dates (§ 182, subd. (a)(1)), and alleged the same overt acts; count 3, bringing contraband, a controlled substance, into KVSP on or about April 26, 2024 (§ 4573); and count 4, willfully and unlawfully selling, furnishing or giving away controlled substances to Inmate Ortiz on or about April 26, 2024 (§ 4573.9).

Appellant Lugo and codefendant Cano were charged with committing the following offenses on or about September 16, 2024: count 5, possession of methamphetamine for sale (Health & Saf. Code, § 11378); and count 7, child abuse (§ 273a, subd. (a)), with a great bodily injury allegation (§ 12022.95).

Appellant was separately charged with committing the following offenses on or about September 16, 2024: count 6, possession of fentanyl for sale (Health & Saf. Code, § 11351), while personally armed with a firearm (§ 12022, subd. (c)); count 8, possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)); and count 9, misdemeanor assembling or manufacturing a firearm without applying to the Department of Justice for a unique serial number (§ 29180, subd. (b)).

**Plea Hearing**

On October 1, 2024, appellant entered pleas in both cases pursuant to a negotiated disposition. She also signed change-of-plea, advisements, and waiver of rights forms for each case. As relevant herein, appellant initialed paragraphs in each change-of-plea form

---

[2]     All further statutory citations are to the Penal Code unless otherwise indicated.

that stated her aggregate sentence would be two years "in CDC[R]," and her pleas "will result" in her deportation, exclusion from admission, and denial of naturalization if she was not a citizen, deportation was "mandatory" for some offenses, and she "**fully discussed this matter with my attorney and understand the serious immigration consequences of my plea**." (Bold in original.)

At the plea hearing, the trial court asked appellant if she had signed the plea forms and initialed the paragraphs, and she said yes. The court asked if she went over the forms with her attorney, had sufficient time to discuss the nature and consequences of her pleas with her attorney, understood her rights, and knowingly, voluntarily, and intelligently waived those rights. Appellant said yes. The court asked appellant if she had any questions for the court or her attorney before they proceeded, and appellant said no.

In case No. DF018549, appellant pleaded no contest to count 2, conspiracy to commit a violation of section 4573.9 (§ 182, subd. (a)(1)); count 4, willfully and unlawfully selling, furnishing or giving away controlled substances to inmate (§ 4573.9); count 5, possession of methamphetamine for sale (Health & Saf. Code, §11378); count 6, possession of fentanyl for sale (Health & Saf. Code, § 11351); count 7, child abuse (§ 273a, subd. (a)); and count 8, possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)).

In case No. DF018547, appellant pleaded no contest to count 2, conspiracy to commit a violation of section 4573.9 (§ 182, subd. (a)(1)); and count 4, willfully and unlawfully selling, furnishing or giving away controlled substances to an inmate (§ 4573.9).

The trial court expressly advised appellant that she would be sentenced to concurrent terms on all counts, and the aggregate "fixed term on both cases in this plea would be two years in CDCR custody." Appellant said she understood.

The trial court further advised appellant that "if you're not a citizen of the United States, these convictions would result in an order for your deportation," and asked if she understood. Appellant said yes.

The parties stipulated to the factual basis for the pleas, and the court dismissed the remaining charges and special allegations in both cases.

**Motion to Withdraw Pleas**

On January 15, 2025, appellant filed a motion to withdraw her pleas. According to the motion, appellant claimed that she believed that she would receive a fine and probation or time in a county jail, she was never told that she would be sentenced to state prison, she was not advised of the immigration consequences, counsel did not consult with her prior to the plea hearing, and she would not have entered her pleas if she had been aware of these consequences.

Appellant filed a supplemental motion and further asserted that she entered her pleas under duress because counsel allegedly told her that if she did not enter her plea, her children would be taken into custody and she would not be able to see them. Appellant did not file any declarations or affidavits in support of the arguments in her motion to withdraw.

Appellant also filed a motion for return of property seized pursuant to a search warrant on September 13, 2024, consisting of over $39,000 in cash. In support of this motion, appellant filed a declaration from her mother, who stated the cash belonged to her.

The People filed opposition to the motion to withdraw, and argued appellant was fully advised that she would be sentenced to an aggregate term of two years in state prison for all cases, she was fully advised about the immigration consequences of the pleas, and her children's custody and visitation were never addressed as part of the plea

5.

agreement. In support of the opposition, the People filed the transcript of appellant's plea hearing and the signed change-of-plea and advisement forms from both cases.[3]

**Denial of Motion to Withdraw**

On May 14, 2025, the trial court convened a hearing on appellant's motion to withdraw. Appellant declined to testify.

The court denied appellant's motion based on the transcript of the plea hearing and the change-of-plea forms, that showed appellant was advised of the immigration consequences and that she would be sentenced to two years in state prison. The court also found that her children's custody and/or visitation was never raised as an issue or addressed at any time during the plea proceedings. The court also denied appellant's motion for return of property because the criminal cases for her two codefendants remained open.

**Sentencing**

Also on May 14, 2025, the trial court sentenced appellant consistent with the negotiated disposition to an aggregate sentence of two years in prison, based on concurrent lower terms of two years for each of counts 4, 6, 7, and 8, and 16 months for count 5 in case No. DF018549; and concurrent lower terms of two years for each of counts 2 and 4 in case No. DF018547.

On June 23, 2025, appellant filed a timely notice of appeal, and her request for a certificate of probable cause was granted.

---

[3] Appellant's motion to withdraw erroneously stated that she entered her pleas on September 23, 2024, and her supplemental motion stated she entered the pleas on October 26, 2024. The People's opposition clarified that appellant entered the pleas on October 1, 2024, and attached the reporter's transcript of the plea hearing in support of that fact.

**DISCUSSION**

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised she could file her own brief with this court. On March 17, 2026, this court advised appellant by letter that she could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

**DISPOSITION**

The judgment is affirmed.